**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CML-AZ Blue Ridge, LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Sterling Plaza West, LLC, an Arizona limited liability company, et al.,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>Federal Deposit Insurance Corporation,<br><br>    Third-Party Defendant. | No. CV 11-01122-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion to remand (doc. 14), third-party defendant's response (doc. 21), and defendants' reply (doc. 22). The court also has before it third-party defendant's motion to strike or sever the third-party complaint (doc. 6), plaintiff's motion for leave to supplement its separate motion to strike (doc. 8), and defendants' motion to accelerate consideration and determination of the motion to remand (doc. 20).

**I**

Defendants filed a third-party complaint in state court against the Federal Deposit Insurance Corporation ("FDIC") on March 4, 2011, and served it on April 20, 2011. The FDIC filed a notice of removal on June 3, 2011 (forty-four days after the complaint was

1 served, ninety-one days after the complaint was filed). Defendants claim remand is proper
2 because the notice of removal was filed after statutory removal deadlines and after the FDIC
3 waived its right to remove by seeking a disposition in state court. The FDIC claims the
4 removal period had not yet expired when it filed its notice of removal, and therefore the
5 removal was timely. It also disputes that it waived its right to remove by filing a motion to
6 dismiss in state court.

**II**

8 The general removal statute, 28 U.S.C. § 1446, requires a defendant to file a notice
9 of removal within thirty days of service. The FDIC does not challenge the defendants'
10 contention that it missed this deadline. It does, however, argue that removal was timely
11 under 12 U.S.C. § 1819(b)(2)(B), which provides that the FDIC "may remove any action,
12 suit, or proceeding from a State court to the appropriate United States district court before
13 the end of the 90-day period beginning on the date the action, suit, or proceeding is filed
14 against the Corporation or the Corporation is substituted as a party." According to the FDIC,
15 the plain language of this statute should be disregarded and we should interpret it to allow
16 the FDIC to remove within ninety days after it has been served with the complaint, instead
17 of ninety days after the complaint was filed.

18 The FDIC had ample notice of its right to remove this case within the time to comply
19 with either deadline. Instead, it initially chose to litigate in state court by filing a motion to
20 dismiss. Not until after the state court had scheduled oral argument did the FDIC attempt to
21 remove to federal court. Only a reading of the statute which flatly contradicts its plain
22 language would support the FDIC's position.

23 Contrary to the FDIC's argument, it would have had thirty days to remove under 28
24 U.S.C. § 1446(b), even if the defendant had waited to serve the FDIC until ninety days after
25 filing the complaint. The removal provisions in 12 U.S.C. § 1819(b)(2)(B) are intended "to
26 supplement, not supplant, the general removal statute." Kirkbride v. Cont'l Cas. Co., 933
27 F.2d 729, 733 (9th Cir. 1991) (quoting FDIC v. Norwood, 726 F. Supp. 1073, 1075 (S.D.
28 Tex. 1989)). As a result, the FDIC may remove if it complies with either time period.

Few cases have analyzed the issue of when a complaint is "filed" for purposes of this statute. That is because there is no ambiguity here. Congress knows the difference between filing and service. We respectfully disagree with <u>Costin Engineering Consultants, Inc. v. Latham</u>, 905 F. Supp. 861, 864 (D. Colo. 1995), in which the court concluded the ninety-day period began to run when the FDIC was served or entered an appearance. In that case, though, the FDIC's removal was timely under 28 U.S.C. § 1446(b), because it was made within thirty days after the FDIC was served. The court's discussion of 12 U.S.C. § 1819(b)(2)(B) was unnecessary dicta. Additionally, <u>Costin</u> and the cases it cited all involved the FDIC as a substitute party, in contrast to where, as here, the FDIC was originally named in the complaint.

### III

Because we find the notice of removal was untimely, we do not consider whether a motion to dismiss filed in state court is a "clear and unequivocal" waiver of the right of removal. <u>Resolution Trust Corp. v. Bayside Developers</u>, 43 F.3d 1230, 1240 (9th Cir. 1994) (quoting <u>Beighley v. FDIC</u>, 868 F.2d 776, 782 (5th Cir. 1989)).

**IT IS ORDERED GRANTING** defendants' motion to remand (doc. 14) and defendants' motion to accelerate consideration of the motion to remand (doc. 20).

**IT IS FURTHER ORDERED DENYING** the third-party defendant's motion to strike or sever (doc. 6), and plaintiff's motion for leave to supplement (doc. 8), as moot.

The clerk shall remand this action to the Superior Court of Arizona in Maricopa County.

DATED this 12th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge